IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Bankruptcy No. No. 22-20032-JMM |
| Jolynn Mallory *fka* Jolynn Cargill *fka* Jolynn Mister *fka* Jolynn Smith, | (a Chapter 7 case) |
| | Filed Electronically |
| Debtor. | |

DECLARATION IN SUPPORT OF MOTION FROM AUTOMATIC STAY

I, Jodi Reisch, declare under penalty of perjury as follows:

1. This declaration is provided in support of the Motion for Relief from Stay contemporaneously herewith.

2. I am a Assistant Secretary of Village Capital & Investment, LLC and am authorized to sign this declaration on behalf of Village Capital & Investment, LLC. In this position, I have access to the business records of Village Capital & Investment, LLC, and my responsibilities include ascertaining and verifying amounts due and payable as to delinquent bankruptcy accounts.

3. The facts stated in this declaration are based upon information that I obtained by reviewing records maintained in the ordinary course of Village Capital & Investment, LLC's business, as part of regularly conducted business activity, by or from information transmitted by person(s) with knowledge of the events described therein, at or near the time of the event described.

4. Jolynn Mallory, (the "Borrower") executed a Note dated August 16, 2017, in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Low VA Rates, LLC, its successors and assigns in the original principal sum of $287,241.00.

5. The Note is secured by a Deed of Trust encumbering certain real property commonly known as 1422 Cedar Ave, Lewiston, Idaho, 83501.

6. The Movant has possession of the original promissory note, and the note is payable to Movant.

7. Based on my review the records, on or about December 30, 2019, the debtor transferred her title interest in the Property by recorded Warranty Deed to Robin Weldy. Neither Village Capital & Investment, LLC, its predecessor in interest, its servicers, nor the Department of Veteran's Affairs ("VA") approved of the transfer of title as required by the VA guaranteed lending agreements, nor has any other party assumed the loan. See, Ex. A at VA Rider at pg. 1.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10 day of May, 2022.

Name: Jodi Reisch

Title: Assistant Secretary

# Exhibit "A"

## VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER is made this **16th** day of **August, 2017,** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Deed to Secure Debt (herein "Security Instrument") dated of even date herewith, given by the undersigned (herein "Borrower") to secure Borrower's Note to **Low VA Rates, LLC**

(herein "Lender")
and covering the Property described in the Security Instrument and located at
**1422 Cedar Ave
Lewiston, ID 83501**

VA GUARANTEED LOAN COVENANT: In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of Borrower and Lender. Any provisions of the Security Instrument or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations, including, but not limited to, the provision for payment of any sum in connection with prepayment of the secured indebtedness and the provision that the Lender may accelerate payment of the secured indebtedness pursuant to Covenant 18 of the Security Instrument, are hereby amended or negated to the extent necessary to conform such instruments to said Title or Regulations.

LATE CHARGE: At Lender's option, and as allowed by applicable state law, Borrower will pay a "late charge" not exceeding four per centum (4%) of the overdue payment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured hereby.

GUARANTY: Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within 60 days from the date that this loan would normally become eligible for such guaranty committed upon by the Department of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits," the Mortgagee may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other rights hereunder or take any other proper action as by law provided.

TRANSFER OF THE PROPERTY: This loan may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

(a) <u>ASSUMPTION FUNDING FEE</u>: A fee equal to one-half of 1 percent (.50%) of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans

VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER
Ellie Mae, Inc.                    Page 1 of 2                    P8751ASR  0311
                                                                  P8751ASR (CLS)
                                                                  08/15/2017 08:29 AM PST



Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (c).

(b) <u>ASSUMPTION PROCESSING CHARGE</u>: Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

(c) <u>ASSUMPTION INDEMNITY LIABILITY</u>: If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Borrower(s) has executed this VA Guaranteed Loan and Assumption Policy Rider.

_Jolynn Mallory_            8/16/17 (Seal)
JOLYNN MALLORY            DATE

**VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER**
Ellie Mae, Inc.      Page 2 of 2      P8751ASR 0311
P8751ASR (CLS)
08/15/2017 08:29 AM PST

## Exhibit A

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF NEZ PERCE, STATE OF IDAHO, AND IS DESCRIBED AS FOLLOWS:

THE WEST 165 FEET OF THE NORTH 330 FEET OF LOT 2 IN BLOCK 49 OF LEWISTON ORCHARDS TRACT NO. 8, ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN BOOK 2B OF PLATS AT PAGE 70, OFFICIAL RECORDS OF NEZ PERCE COUNTY, IDAHO, MEASUREMENTS BEING FROM THE CENTERLINES OF ADJACENT STREETS AND ALLEYS.

Parcel ID: ▓▓▓▓▓▓▓▓▓▓

Commonly known as 1422 CEDAR AVENUE, Lewiston, ID 83501
However, by showing this address no additional coverage is provided